

**CT Corporation**
**Service of Process Notification**
06/27/2025
CT Log Number 549484153

## Service of Process Transmittal Summary

**TO:**    Brenda Dalusong, Legal Coordinator
NBCUniversal Media, LLC
100 Universal City Plz # 1280/9
Universal City, CA 91608-1002

**RE:**    **Process Served in California**

**FOR:**    NBC Universal Television Studio Digital Development LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: HEIDI TRIPP, an individual; ZEKE ALTON POIRO, an individual // To: NBC Universal Television Studio Digital Development LLC |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Statement, Order, Certificate(s), Cover Sheet, Addendum and Statement, Notice, Attachment(s) |
| **COURT/AGENCY:** | Los Angeles County - Superior Court - Alhambra, CA<br>Case # 25NNCV04236 |
| **NATURE OF ACTION:** | Personal Injury - Vehicle Collision - 04/05/2024 |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 06/27/2025 at 13:00 |
| **JURISDICTION SERVED:** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | Shabnam Sarani<br>Lyle Law, LLP<br>864 S. Robertson Blvd., 3rd Floor<br>Los Angeles, CA 90035<br>888-203-1422 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/29/2025, Expected Purge Date: 07/04/2025<br><br>Image SOP<br><br>Email Notification,  Brenda Dalusong  Brenda.Dalusong@nbcuni.com<br><br>Email Notification,  Daniel Kummer  Daniel.Kummer@nbcuni.com<br><br>Email Notification,  Erik Bierbauer  Erik.Bierbauer@nbcuni.com<br><br>Email Notification,  Jorge Mendez  Jorge.Mendez@nbcuni.com<br><br>Email Notification,  Ryan Waters  ryan.waters@universalorlando.com<br><br>Email Notification,  Shannon Alexander  shannon.alexander@nbcuni.com<br><br>Email Notification,  Ted Ragsac  ted.ragsac@nbcuni.com<br><br>Email Notification,  Vivian Volker  Vivian.Volker@UniversalOrlando.com |



**CT Corporation**
**Service of Process Notification**
06/27/2025
CT Log Number 549484153

Email Notification,  Kimberly Andrick  kimberly_andrick@comcast.com

Email Notification,  Michael Dickert  michael_dickert@comcast.com

Email Notification,  Deborah Saunders  deborah_saunders@comcast.com

Email Notification,  Andria McGovern  andria.mcgovern@nbcuni.com

Email Notification,  David Sprung  david_sprung@comcast.com

Email Notification,  Rebecca Swander  rebecca.swander@universalorlando.com

**REGISTERED AGENT CONTACT:**    C T Corporation System
330 N BRAND BLVD
STE 700
GLENDALE, CA 91203
8775647529
MajorAccountTeam2@wolterskluwer.com

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:** Fri, Jun 27, 2025

**Server Name:** DROP SERVICE

| | |
|---|---|
| Entity Served | NBC UNIVERSAL TELEVISION STUDIO DIGITAL DEVELOPMENT LLC |
| Case Number | 25NNCV04236 |
| Jurisdiction | CA |

| Inserts | |
|---|---|
| | |



**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr><td></td><td><b>FOR COURT USE ONLY</b><br><i>(SOLO PARA USO DE LA CORTE)</i></td></tr>
</table>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

NBC UNIVERSAL TELEVISION STUDIO DIGITAL DEVELOPMENT, LLC, a corporation; NBC UNIVERSAL MEDIA, LLC, a corporation, and JOHN DOE, an individual; and DOES 1 to 100, inclusive;

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

HEIDI TRIPP, an individual; ZEKE ALTON POIRO, an individual;

**Electronically FILED by Superior Court of California, County of Los Angeles 6/18/2025 2:23 PM David W. Slayton, Executive Officer/Clerk of Court, By D. Gallegos, Deputy Clerk**

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* ~~Burbank Courthouse~~
~~300 East Olive, Burbank, CA 91502~~
ALHAMBRA COURTHOUSE
150 WEST COMMONWEALTH AVENUE
ALHAMBRA, CA 91801

**CASE NUMBER:**
*(Número del Caso):*
25NNCV04236

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Shabnam Sarani, Esq., Lyfe Law, LLP, 864 S. Robertson Blvd., 3rd Floor, Los Angeles, CA 90035, 888-203-1422

DATE:   06/18/2025   Clerk, by   David W. Slayton, Executive Officer/Clerk of Court   , Deputy
*(Fecha)*   *(Secretario)*   D. Gallegos   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*


[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* NBC UNIVERSAL TELEVISION STUDIO DIGITAL DEVELOPMENT, LLC

   under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* Limited Liability Company
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

1  SAHM MANOUCHEHRI, ESQ. (BAR NO. 229218)
2  SHABNAM SARANI, ESQ. (BAR NO. 316958)
   **LYFE LAW, LLP**
3  864 S. Robertson Blvd., 3rd Floor
   Los Angeles, California 90035
4  Telephone: (888) 203-1422
   Facsimile: (888) 203-1424
5  Email: ShabnamS@lyfe.com

Electronically FILED by
Superior Court of California,
County of Los Angeles
6/18/2025 2:23 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By D. Gallegos, Deputy Clerk

6
7  Attorneys for Plaintiffs
   HEIDI TRIPP and ZEKE ALTON POIRO

8
9             **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10            **FOR THE COUNTY OF LOS ANGELES – UNLIMITED**

11  HEIDI TRIPP, an individual; ZEKE ALTON
12  POIRO, an individual;

                                              CASE NO: **25NNCV04236**
13          Plaintiffs,

14                                            **COMPLAINT FOR DAMAGES**
    vs.
15                                            1. Negligence – Motor Vehicle
    NBC UNIVERSAL TELEVISION STUDIO          2. General Negligence
16  DIGITAL DEVELOPMENT, LLC, a              3. Vicarious Liability Negligence
    corporation; NBC UNIVERSAL MEDIA, LLC,   4. Negligence - Negligent Hiring,
17  a corporation, and JOHN DOE, an             Supervision and Retention
    individual; and DOES 1 to 100, inclusive;   815.2(a), 815.4, 815.6 & 820(a)
18                                            5. Premises Liability
                                              6. Loss of Consortium
19          Defendants.

20                                            **[DEMAND FOR TRIAL BY JURY]**

21
22         Plaintiff HEIDI TRIPP (hereinafter "Plaintiff HEIDI") and Plaintiff ZEKE ALTON POIRO
23  (hereinafter "Plaintiff ZEKE") allege as follows:

24         1.    Plaintiff HEIDI is an individual and at all relevant times, was and is a resident of
25  the County of Los Angeles in the State of California.

26         2.    Plaintiff ZEKE is an individual and at all relevant times, was and is a resident of
27  the County of Los Angeles in the State of California.

28         3.    Defendant JOHN DOE is, and at all relevant times, was and is a resident of the

---

County of Los Angeles in the State of California.

4.      Defendant NBC UNIVERSAL TELEVISION STUDIO DIGITAL DEVELOPMENT, LLC (hereinafter "Defendant TELEVISION") is, and at all times hereinafter mentioned was, a California Corporation, doing business in the County of Los Angeles, State of California.

5.      Defendant NBC UNIVERAL MEDIA, LLC. (hereinafter referred to as "Defendant MEDIA") is, and at all times hereinafter mentioned was, a company doing business in the County of Los Angeles, State of California. Jurisdiction in this court is proper pursuant to California *Code of Civil Procedure* 410.10 because Defendant does business in, purposefully avail themselves of or otherwise reside within the State of California.

6.      The true names or capacities, whether individual, corporate, associate or otherwise of the Defendants designated herein as DOES 1 through 100, inclusive, and each of them, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and Plaintiff will ask leave to amend this Complaint at such time as the true names and/or capacities are ascertained. Plaintiff is informed, believes, and thereon alleges that each of the Defendants designated herein as a DOE is negligently or otherwise responsible in some manner for the events and happenings herein referred to and negligently caused the injuries and damages to Plaintiff as herein alleged.

7.      Plaintiff is informed, believes, and thereon alleges that at all times herein mentioned, Defendants, and DOES 1 to 50, inclusive, and each of them, were the owners, lessors, and/or entrustors of a vehicle driven by Defendants DOE, TELEVISON, and MEDIA on April 5, 2024, referred to in this Complaint and generally described as "vehicle."

8.      Plaintiff is informed, believes, and thereon alleges that at all relevant times herein mentioned, Defendants and DOES 1 to 50, inclusive, and each of them, were operators of the above-mentioned vehicles.

## FIRST CAUSE OF ACTION

## MOTOR VEHICLE NEGLIGENCE – AGAINST ALL DEFENDANTS & DOES 1 to 50

9.      Plaintiffs incorporate herein by reference paragraphs 1 through 8, inclusive, as if fully set forth herein and with the same force and effect.

10.      On or about April 5, 2024, Plaintiff HEIDI was travelling in a golf cart, driven by

Defendant DOE, working for Defendants TELEVISION and MEDIA when Defendant DOE recklessly operated the vehicle in a way as to cause Plaintiff HEIDI to fall out of the golf car. The vicious impact caused Plaintiff to sustain extensive damages. Defendants DOE, TELEVISION, and MEDIA and DOES 1 to 50 inclusive, so negligently entrusted, managed, maintained, drove and operated their vehicle so as to proximately cause Plaintiff HEIDI to incur the hereinafter described injuries and damages to Plaintiffs.

11.     In their operation of their vehicle, Defendants DOE, TELEVISION, and MEDIA, and DOES 1 to 50, and each of them, violated statutes, laws and regulations including, but not limited to, statutes, laws and regulations relating to safe operation of a vehicle, maintaining control of a vehicle, traveling at a safe speed for the conditions, keeping a proper look-out, and other traffic safety rules and regulations.

12.     As a direct and proximate result of the conduct of Defendants DOE, TELEVISION, and MEDIA, and/or DOES 1 to 50, and each of them, Plaintiffs were injured in health, strength and activity, sustaining injury to the body and shock and injury to the nervous systems and persons, all of which said injuries have caused, and continue to cause Plaintiffs physical, mental and nervous pain, suffering and anguish, all to Plaintiffs' general damage in a sum in excess of the minimal jurisdictional requirements of this Court to be determined at some future date, according to law.   Accordingly, Plaintiffs will seek prejudgment interest, pursuant to the provisions of California *Civil Code* section 3291.

13.     As a further direct and proximate result of the negligence of Defendants DOE, TELEVISION, and MEDIA, and/or DOES 1 to 50, and each of them, Plaintiffs are required to, and did, employ physicians, surgeons and other health care practitioners to examine, treat and care for Plaintiff, and did incur medical and incidental expense.  The exact amount of such expense is unknown to Plaintiffs at this time, and Plaintiff will serve a statement of damages which sets forth the exact amount thereof when the same is ascertained.

14.     Venue in this Court is proper in that the cause of action occurred within this district, and/or at least one Defendant resides in this judicial district.

15.     Jurisdiction in this court is proper in that the principal amount in controversy is in excess of $35,000.00.

**COMPLAINT FOR DAMAGES**

**LyfeLaw**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**SECOND CAUSE OF ACTION**

**GENERAL NEGLIGENCE – AGAINST ALL DEFENDANTS & DOES 1 to 50**

16.    Plaintiffs incorporate herein by reference paragraphs 1 through 15, inclusive, as if fully set forth herein and with the same force and effect.

17.    Plaintiffs are informed, believe, and thereon allege that Plaintiffs were further injured due to the general negligent acts or omissions by Defendants DOE, TELEVISION, and MEDIA, and each of them.

18.    As a direct and proximate result of the afore-described carelessness and negligence of the Defendants DOE, TELEVISION, and MEDIA, and/or DOES 1 to 50, and each of them, Plaintiffs sustained the heretofore and hereinafter described injuries and damages.

19.    As a further direct and proximate result of the conduct of Defendants DOE, TELEVISION, and MEDIA, and/or DOES 1 to 50, and each of them, Plaintiffs were injured physically, emotionally, and financially. All of which said injuries have caused, and continue to cause Plaintiffs' physical, mental and nervous pain, suffering and anguish, all to Plaintiffs' general damage in a sum in excess of the minimal jurisdictional requirements of this Court to be determined at some future date, according to law. Accordingly, Plaintiffs will seek prejudgment interest, pursuant to the provisions of California *Civil Code* section 3291.

**THIRD CAUSE OF ACTION**

**VICARIOUS LIABILITY NEGLIGENCE – AGAINST DEFENDANTS TELEVISION AND MEDIA & DOES 51 – 100**

20.    Plaintiffs incorporate herein by reference paragraphs 1 through 18, inclusive, as if fully set forth herein and with the same force and effect.

21.    Plaintiffs are informed, believe, and based upon such information and belief allege that at all time herein mentioned, Defendant DOE was an employee, and/or representative of Defendants TELEVISION and MEDIA, and/or was at all times acting within the course and scope of his employment and agency as employee with the consent of Defendants TELEVISION and MEDIA; and Defendants TELEVISION and MEDIA ratified, condoned, authorized, and/or approved the act and/or omissions of Defendant DOE. Further, the acts herein complained about were done at the direction and within the control of management personnel.

**FOURTH CAUSE OF ACTION**

**(FOR NEGLIGENCE/NEGLIGENT HIRING AND SUPERVISION)**

**AGAINST DEFENDANTS TELEVISION AND MEDIA & DOES 51-100, INCLUSIVE**

22.     Plaintiff incorporates herein by reference paragraphs 1 through 21, inclusive, as if fully set forth herein and with the same force and effect.

23.     On or about April 5, 2024, Plaintiff HEIDI was on the PREMISES travelling in a golf cart, driven by Defendant DOE, working for Defendants TELEVISION and MEDIA when Defendant DOE recklessly operated the vehicle in a way as to cause Plaintiff HEIDI to fall out of the golf cart. Additionally, Defendants TELEVISION and MEDIA and DOES 51 through 100, inclusive, failed to provide adequate safeguards by, among other acts and omissions, failing to train supervise at all times the conduct of its employees or others driving within the PREMISES. As a result, Defendant's negligence was the proximate cause of Plaintiff's injury, and Defendant's negligence created a reasonably foreseeable risk of the type of injury Plaintiff sustained.

24.     Defendants TELEVISION and MEDIA and DOES 51 through 100, inclusive and each of them had a duty and failed at all times to train and supervise the conduct of its employees or others driving on the PREMISES and to enforce the rules and regulations necessary for the protection of pedestrians on the PREMISES.

25.     As a result of these acts and omissions, Defendants TELEVISION and MEDIA and DOES 51 through 100 inclusive, were negligent and Defendants are liable for the injuries and damages to Plaintiff under California *Government Code* sections 815.2(a), 815.4, 815.6, and 820(a).

**FIFTH CAUSE OF ACTION**

**PREMISES LIABILITY – AGAINST DEFENDANTS TELEVSION, MEDIA & DOES 51-100**

26.     Plaintiff incorporates herein by reference paragraphs 1 through 25, inclusive, as if fully set forth herein and with the same force and effect.

27.     At all times mentioned herein, Defendants TELEVISION, MEDIA & DOES 51-100, inclusive, owned, maintained, controlled, managed, and operated the PREMISES.

28.     On or about April 5, 2024, Plaintiff HEIDI was lawfully on the PREMISES

travelling in a golf cart, driven by Defendant DOE, working for Defendants TELEVISION and MEDIA when Defendant DOE recklessly operated the vehicle in a way as to cause Plaintiff HEIDI to fall out of the golf cart.

29.   At the aforementioned time and place, Defendants, and each of them, inadequately and negligently maintained, repaired, managed, controlled, and owned, the PREMISES.  Defendants and each of them, by virtue of their ownership, control, management, manufacture, design, assembly, sale, delivery, repair and/or maintenance of the PREMISES, owed a duty of care to Plaintiff who would foreseeably be on and use the PREMISES.

30.   Defendants, and each of them, breached said duty by negligently controlling and/or maintaining the PREMISES, by failing to keep the PREMISES in good order, by negligently failing to take steps including but not limited to making reasonable inspections of the PREMISES to either make the condition safe or warn Plaintiff of the dangerous condition of said PREMISES, all of which caused Plaintiff to be injured, causing Plaintiff to suffer the injuries and damages hereinafter described.

31.   As a proximate result of the negligence of Defendants, and each of them, Plaintiff was hurt and injured in Plaintiff's health, strength and activity, sustaining injuries to said person, all of which injuries have caused, and continue to cause Plaintiff mental, physical and nervous pain and suffering. Plaintiff is informed, believes, and thereon alleges that such injuries have and will result in some temporary and/or permanent disability to Plaintiff. As a result of such injuries, Plaintiff suffered general damages in an amount according to proof.

32.   As a further direct and proximate result of Defendants', and each of their, negligence, carelessness, recklessness and unlawful conduct thereby caused, as aforesaid, requiring Plaintiff to obtain medical services, past, present and future; has suffered loss of income and earnings, past, present and future; evidence of all of which Plaintiff will present at the time of trial and will amend this Complaint to conform to the proof if required to do so.

33.   As a proximate result of the negligence of Defendants, and each of them, Plaintiff suffered from emotional distress and other mental injuries. As a result of such distress and mental injuries, Plaintiff has suffered general damages in an amount according to proof but in

excess of the jurisdictional amount.

## SIXTH CAUSE OF ACTION

## LOSS OF CONSORTIUM – AGAINST ALL DEFENDANTS

34.    Plaintiffs incorporate herein by reference paragraphs 1 through 33, inclusive, as if fully set forth herein and with the same force and effect.

35.    On April 5, 2024, Plaintiff HEIDI, Plaintiff ZEKE's spouse, was injured due to the subject incident, wherein Defendants' negligence caused the incident as set forth above.

36.    As a direct and proximate result of Defendants' negligent conduct, Plaintiff HEIDI suffered significant personal injuries which caused Plaintiff HEIDI to experience significant pain, rendering her unable to perform her duties as Plaintiff ZEKE's spouse.

37.    Before suffering these injuries, Plaintiff HEIDI was able to and did perform all the duties of a wife and did perform all these duties, including assisting in maintaining the home, and providing love, companionship, affection, society, sexual relations, moral and financial support, and solace to Plaintiff ZEKE.  As a direct and proximate result of the injuries, Plaintiff HEIDI has been unable to perform the duties of a husband in that he can no longer perform said duties, specifically she can no longer assist with housework, have sexual intercourse, participate in family, recreational, or social activities with Plaintiff ZEKE, or contribute to the household income. Due to the nature of the injuries sustained by Plaintiff HEIDI and the physical and psychological strains they cause her, Plaintiff HEIDI is no longer able to provide Plaintiff ZEKE with love, companionship, affection, society, moral support, and solace.  Due to her injuries, Plaintiff HEIDI will be unable to perform these duties in the future. Plaintiff ZEKE is therefore deprived and will be permanently deprived of Plaintiff HEIDI's consortium, all to Plaintiffs' damage, in a total amount to be established by proof at trial.

## REQUEST FOR JURY TRIAL

Plaintiffs hereby requests a trial by jury on all claims for relief alleged in, and on all issues raised by, this Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demands judgment against Defendants and DOES 1 through 100 as follows:

---

COMPLAINT FOR DAMAGES

1.   For all general and special damages, according to proof;

2.   For costs and pre-judgment interest;

3.   For such other and further relief as the court may deem just and proper.

DATED: June 18, 2025                               **LYFE LAW, LLP**

By: _____
SAHM MANOUCHEHRI, ESQ.
SHABNAM SARANI, ESQ.
Attorneys for Plaintiffs
HEIDI TRIPP and ZEKE ALTON POIRO

**LyfeLaw**

**COMPLAINT FOR DAMAGES**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Alhambra Courthouse<br><br>150 West Commonwealth Avenue, Alhambra, CA 91801 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>06/18/2025<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: K. Carrillo    Deputy |
| PLAINTIFF(S):<br>HEIDI TRIPP  et al | |
| DEFENDANT(S):<br>NBC UNIVERSAL TELEVISION STUDIO DIGITAL DEVELOPMENT, I | |
| **ORDER TO SHOW CAUSE HEARING** | CASE NUMBER:<br>25NNCV04236 |

To the party / attorney of record:

You are ordered to appear for an Order to Show Cause Hearing on <u>09/16/2025</u> at <u>8:30 AM</u> in department <u>V</u> of this court, <u>Alhambra Courthouse</u>,
and show cause why sanctions should not be imposed for:

[✓]    Failure to file proof of service.

Failure to comply or appear may result in sanctions pursuant to one or more of the following:  California Rules of Court, rule 2.30 and rule 3.1340; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.310, 583.360, 583.410, 583.420, 583.430; and Government Code section 68608.

[✓]    To avoid a mandatory appearance all required documents must be filed at least 5 days prior to the date of the hearing.

Dated: <u>06/18/2025</u>

_____
Sarah J. Heidel / Judge
Judicial Officer

**ORDER TO SHOW CAUSE HEARING**

Cal. Rules of Court, rule 2.30
LASC Local Rules, Chapter 7

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Alhambra Courthouse<br>150 West Commonwealth Avenue, Alhambra, CA 91801 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>06/18/2025<br>David W. Slayton, Executive Officer/Clerk of Court<br>By:_____K. Carrillo_____Deputy |
| PLAINTIFF/PETITIONER:<br>HEIDI TRIPP  et al | |
| DEFENDANT/RESPONDENT:<br>NBC UNIVERSAL TELEVISION STUDIO DIGITAL DEVELOPMENT, LLC, a corporation, et al. | |

| CERTIFICATE OF MAILING | CASE NUMBER:<br>25NNCV04236 |
|---|---|

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the **Order to Show Cause Failure to File Proof of Service** upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in **Alhambra**, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.


SAHM MANOUCHEHRI
864 S. ROBERTSON BLVD., 3RD FLOOR
Los Angeles, CA 90035


David W. Slayton, Executive Officer / Clerk of Court

Dated: 06/18/2025                                    By:  K. Carrillo
                                                              Deputy Clerk


**CERTIFICATE OF MAILING**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Shabnam Sarani, Esq. (Bar No. 316958)<br>Lyfe Law, LLP 864 S. Robertson Blvd., 3rd Floor, Los Angeles, CA 90035 | |

TELEPHONE NO.: 888-203-1422    FAX NO.: 888-203-1424
EMAIL ADDRESS: ShabnamS@lyfe.com
ATTORNEY FOR *(Name):* Plaintiffs HEIDI TRIPP and ZEKE ALTON POIRO

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 300 East Olive
MAILING ADDRESS: 300 East Olive
CITY AND ZIP CODE: Burbank 91502
BRANCH NAME: Burbank Courthouse

**Electronically FILED by
Superior Court of California,
County of Los Angeles
6/18/2025 2:23 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By D. Gallegos, Deputy Clerk**

CASE NAME:
Tripp et al v. NBC Universal et al

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| [x] Unlimited  [ ] Limited<br>(Amount  (Amount<br>demanded  demanded is<br>exceeds $35,000)  $35,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 25NNCV04236<br>JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [x] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation
(Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* 6
5. This case [ ] is  [x] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: June 18, 2025
Shabnam Sarani, Esq.

_____          ►          _____
(TYPE OR PRINT NAME)                                                      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only. Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice—
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner
Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

| SHORT TITLE | CASE NUMBER |
|---|---|
| Tripp v. NBC Universal | |

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1.  Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7.  Location where petitioner resides. |
| 2.  Permissive filing in Central District. | 8.  Location wherein defendant/respondent functions wholly. |
| 3.  Location where cause of action arose. | 9.  Location where one or more of the parties reside. |
| 4.  Location where bodily injury, death or damage occurred. | 10.  Location of Labor Commissioner Office. |
| 5.  Location where performance required, or defendant resides. | 11.  Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6.  Location of property or permanently garaged vehicle. | |

| A<br>Civil Case Cover Sheet Case Type | | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☑ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Tripp v. NBC Universal | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Tripp v. NBC Universal | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract (Continued)** | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br><br>Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Tripp v. NBC Universal | |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation (Continued)** | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

| SHORT TITLE<br>Tripp v. NBC Universal | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON:<br>☑ 1. ☐ 2. ☐ 3. ☑ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | ADDRESS:<br>100 Universal City Plaza |
|---|---|

| CITY:<br>Universal City | STATE:<br>CA | ZIP CODE:<br>91608 | |
|---|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the __Los Angeles__ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: __06/18/2025__

_Grani_

(SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Alhambra Courthouse<br>150 West Commonwealth Avenue, Alhambra, CA 91801 | FILED<br>Superior Court of California<br>County of Los Angeles<br>06/18/2025<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: D. Gallegos, Deputy |
| NOTICE OF CASE ASSIGNMENT<br><br>UNLIMITED CIVIL CASE | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>25NNCV04236 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✓ | Sarah J. Heidel | V | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record    David W. Slayton, Executive Officer / Clerk of Court

on 06/18/2025                                                      By D. Gallegos                              , Deputy Clerk
    (Date)

LACIV 190 (Rev 6/18)            **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.



*Superior Court of California, County of Los Angeles*
**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE**

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS MUST SERVE THIS ADR INFORMATION PACKAGE ON ANY NEW PARTIES NAMED TO THE ACTION WITH THE CROSS-COMPLAINT.**

**WHAT IS ADR?**

Alternative Dispute Resolution (ADR) helps people find solutions to their legal disputes without going to trial. The Court offers a variety of ADR resources and programs for various case types.

**TYPES OF ADR**

- **Negotiation.** Parties may talk with each other about resolving their case at any time. If the parties have attorneys, they will negotiate for their clients.

- **Mediation.** Mediation may be appropriate for parties who want to work out a solution but need help from a neutral third party. A mediator can help the parties reach a mutually acceptable resolution. Mediation may be appropriate when the parties have communication problems and/or strong emotions that interfere with resolution. Mediation may not be appropriate when the parties want a public trial, lack equal bargaining power, or have a history of physical or emotional abuse.

- **Arbitration.** Less formal than a trial, parties present evidence and arguments to an arbitrator who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.

- **Settlement Conferences.** A judge or qualified settlement officer assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Mandatory settlement conferences may be ordered by a judicial officer. In some cases, voluntary settlement conferences may be requested by the parties.

**ADVANTAGES OF ADR**

- **Save time and money.** Utilizing ADR methods is often faster than going to trial and parties can save on court costs, attorney's fees, and other charges.
- **Reduce stress and protect privacy.** ADR is conducted outside of a courtroom setting and does not involve a public trial.
- **Help parties maintain control.** For many types of ADR, parties may choose their ADR process and provider.

**DISADVANTAGES OF ADR**

- **Costs.** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial.** ADR does not provide a public trial or decision by a judge or jury.

**WEBSITE RESOURCES FOR ADR**

- **Los Angeles Superior Court ADR website:** www.lacourt.org/ADR
- **California Courts ADR website:** www.courts.ca.gov/programs-adr.htm

**Los Angeles Superior Court ADR Programs for Unlimited Civil (cases valued over $35,000)**

Litigants should closely review the requirements for each program and the types of cases served.

- **Civil Mediation Vendor Resource List.** Litigants in unlimited civil cases may use the Civil Mediation Vendor Resource List to arrange voluntary mediations without Court referral or involvement. The Resource List includes organizations that have been selected through a formal process that have agreed to provide a limited number of low-cost or no-cost mediation sessions with attorney mediators or retired judges. Organizations may accept or decline cases at their discretion. Mediations are scheduled directly with these organizations and are most often conducted through videoconferencing. The organizations on the Resource List target active civil cases valued between $50,000-$250,000, though cases outside this range may be considered. *For more information and to view the list of vendors and their contact information, download the Resource List Flyer and FAQ Sheet at www.lacourt.org/ADR/programs.html.*
  RESOURCE LIST DISCLAIMER: The Court provides this list as a public service. The Court does not endorse, recommend, or make any warranty as to the qualifications or competency of any provider on this list. Inclusion on this list is based on the representations of the provider. The Court assumes no responsibility or liability of any kind for any act or omission of any provider on this list.

- **Mediation Volunteer Panel (MVP).** Unlimited civil cases referred by judicial officers to the Court's Mediation Volunteer Panel (MVP) are eligible for three hours of virtual mediation at no cost with a qualified mediator from the MVP. Through this program, mediators volunteer preparation time and three hours of mediation at no charge. If the parties agree to continue the mediation after three hours, the mediator may charge their market hourly rate. When a case is referred to the MVP, the Court's ADR Office will provide information and instructions to the parties. The Notice directs parties to meet and confer to select a mediator from the MVP or they may request that the ADR Office assign them a mediator. The assigned MVP mediator will coordinate the mediation with the parties. *For more information or to view MVP mediator profiles, visit the Court's ADR webpage at www.lacourt.org/ADR or email ADRCivil@lacourt.org.*

- **Mediation Center of Los Angeles (MCLA) Referral Program.** The Court may refer unlimited civil cases to mediation through a formal contract with the Mediation Center of Los Angeles (MCLA), a nonprofit organization that manages a panel of highly qualified mediators. Cases must be referred by a judicial officer or the Court's ADR Office. The Court's ADR Office will provide the parties with information for submitting the case intake form for this program. MCLA will assign a mediator based on the type of case presented and the availability of the mediator to complete the mediation in an appropriate time frame. MCLA has a designated fee schedule for this program. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*

- **Resolve Law LA (RLLA) Virtual Mandatory Settlement Conferences (MSC).** Resolve Law LA provides three-hour virtual Mandatory Settlement Conferences at no cost for personal injury and non-complex employment cases. Cases must be ordered into the program by a judge pursuant to applicable Standing Orders issued by the Court and must complete the program's online registration process. The program leverages the talent of attorney mediators with at least 10 years of litigation experience who volunteer as settlement officers. Each MSC includes two settlement officers, one each from the plaintiff and defense bars. Resolve Law LA is a joint effort of the Court, Consumer Attorneys Association of Los Angeles County (CAALA), Association of Southern California Defense Counsel (ASCDC), Los Angeles Chapter of the American Board of Trial Advocates (LA-ABOTA), Beverly Hills Bar Foundation (BHBF), California Employment Lawyers Association (CELA), and Los Angeles County Bar Association (LACBA). *For more information, visit https://resolvelawla.com.*

- **Judicial Mandatory Settlement Conferences (MSCs).** Judicial MSCs are ordered by the Court for unlimited civil cases and may be held close to the trial date or on the day of trial. The parties and their attorneys meet with a judicial officer who does not make a decision, but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For more information, visit https://www.lacourt.org/division/civil/CI0047.aspx.

**Los Angeles Superior Court ADR Programs for Limited Civil (cases valued below $35,000)**
Litigants should closely review the requirements for each program and the types of cases served.

- **Online Dispute Resolution (ODR).** Online Dispute Resolution (ODR) is a free online service provided by the Court to help small claims and unlawful detainer litigants explore settlement options before the hearing date without having to come to court. ODR guides parties through a step-by-step program. After both sides register for ODR, they may request assistance from trained mediators to help them reach a customized agreement. The program creates settlement agreements in the proper form and sends them to the Court for processing. Parties in small claims and unlawful detainer cases must carefully review the notices and other information they receive about ODR requirements that may apply to their case. *For more information, visit https://my.lacourt.org/odr.*

- **Dispute Resolution Program Act (DRPA) Day-of-Hearing Mediation.** Through the Dispute Resolution Program Act (DRPA), the Court works with county-funded agencies, including the Los Angeles County Department of Consumer & Business Affairs (DCBA) and the Center for Conflict Resolution (CCR), to provide voluntary day-of-hearing mediation services for small claims, unlawful detainer, limited civil, and civil harassment matters. DCBA and CCR staff and trained volunteers serve as mediators, primarily for self-represented litigants. There is no charge to litigants. *For more information, visit https://dcba.lacounty.gov/countywidedrp.*

- **Temporary Judge Unlawful Detainer Mandatory Settlement Conference Pilot Program.** Temporary judges who have been trained as settlement officers are deployed by the Court to designated unlawful detainer court locations one day each week to facilitate settlement of unlawful detainer cases on the day of trial. For this program, cases may be ordered to participate in a Mandatory Settlement Conference (MSC) by judicial officers at Stanley Mosk, Long Beach, Compton, or Santa Monica. Settlement rooms and forms are available for use on the designated day at each courthouse location. There is no charge to litigants for the MSC. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | FOR COURT USE ONLY |
|---|---|
| COURTHOUSE ADDRESS:<br>Alhambra Courthouse<br>150 West Commonwealth Avenue, Alhambra, CA 91801 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>06/18/2025<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: K. Carrillo, Deputy |
| PLAINTIFF(S)/PETITIONER(S):<br>HEIDI TRIPP  et al | |
| DEFENDANT(S)/RESPONDENT(S):<br>NBC UNIVERSAL TELEVISION STUDIO DIGITAL DEVELOPMENT, LLC, a<br>corporation, et al. | |
| **CLERK'S CERTIFICATE OF SERVICE<br>BY ELECTRONIC SERVICE** | CASE NUMBER:<br>25NNCV04236 |

I, David W. Slayton, Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein and that on this date I served the

**Notice of Case Management Conference of 06/18/2025**
**Order to Show Cause Failure to File Proof of Service of 06/18/2025**

upon each party or counsel of record in the above entitled action by electronically serving to the party or parties at the electronic address as listed below:

**"MANOUCHEHRI, SAHM" <sahm@lyfe.com>**

The electronic transmission originated from the Superior Court of California, County of Los Angeles email address eService-DoNotReply@lacourt.org at the Alhambra Courthouse, 150 West Commonwealth Avenue in Alhambra, California.


Dated: 06/18/2025                          David W. Slayton, Executive Officer / Clerk of Court

                                           By:  K. Carrillo _____
                                                          Deputy Clerk

**CLERK'S CERTIFICATE OF SERVICE BY ELECTRONIC SERVICE**

LASC CIV 310 NEW 03/25
For Mandatory Use

Code of Civil Procedure § 1013b(4)